## THE STATE v. RAPER, *Appellant.*

### Division Two, November 9, 1897.

1. **Evidence**: RES GESTAE: QUO ANIMO. The defendant was indicted for an assault with malice upon one Long with a deadly and dangerous weapon. Evidence was introduced of defendant's going into Long's house, where a "play party" was in progress, and cursing one Barlow. The testimony is *held* admissible as tending to show the *quo animo* of the defendant in going into a private house and peaceful assemblage and raising a disturbance. *Held, further*, that the testimony was admissible as part of the *res gestae*, and served to elucidate the whole.

2. **Home**: PROTECTION OF SAME: RIGHT TO ORDER A DISTURBER OUT. One has the right to protect his home against any peace-disturbing, profane intruder, even if necessary to the taking of life, and therefore has the right to draw and open his knife and hold it in his hand ready for use when he goes toward the profane intruder and orders him out of the house.

*Appeal from Dent Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   There was no error in the court admitting the testimony as to the altercation between Barlow and defendant Raper, which immediately preceded and was connected with the ejection of defendant from the house, and his almost simultaneous assault on Long. The general principle is that evidence of the entire transaction connected with an assault is admissible and all the surroundings, and in proving the whole transaction it is competent to give evidence of what happened immediately after or before the assault, if it is

connected therewith. *State v. Kennade*, 121 Mo. 405; *State v. Sanders*, 76 Mo. 35; McClain's Criminal Law, sec. 411. (2) The law is that one who is about to be assaulted with a deadly weapon is not required to wait until his assailant gets on equal terms with himself before proceeding to make self-defense, and this principle the instruction on self-defense clearly announced, and that was sufficient. *State v. Alley*, 68 Mo. 124; McClain's Criminal Law, sec. 304; *State v. Rider*, 95 Mo. 474; *State v. Wilson*, 98 Mo. 440; *State v. Palmer*, 88 Mo. 568.

SHERWOOD, J.—The defendant was indicted for an assault with malice aforethought upon one James Long with a deadly and dangerous weapon, to wit, a large heavy glass bottle, and for striking, beating and wounding him with the same, with intent to kill and murder. The indictment is founded upon section 3489, Revised Statutes 1889.

The jury found defendant guilty of an assault with intent to kill, but without malice, and assessed his punishment at two years in the penitentiary. The evidence, although there was some conflict, was amply sufficient to support the verdict, and the instructions were all that the evidence required for the information of the jury.

There was no error in admitting testimony of defendant going into the house where there was a "play party" in progress and cursing Barlow. There are several reasons why the admission of such evidence was not erroneous: *First*, because it had a tendency to show the *quo animo* on the part of defendant in going into a private house and a peaceful assemblage of young people and raising a disturbance, armed or apparently armed with a deadly weapon; *second*, the evidence offered was a part of the transaction and of

the *res gestae*, and served to elucidate the whole. *State v. Kennade*, 121 Mo. *loc. cit.* 413, and cases cited. Without this evidence, Long, who was altogether in the right, would have appeared to have been the causeless agressor and altogether in the wrong; and, *third*, it showed such circumstances as fully justified Long, whose house it was, to order defendant out and to take all necessary means to enforce that order, and at the same time secure his own safety. It was his house and he had a right to protect it against any peace-disturbing, profane intruder, even if necessary to the taking of life. *Morgan v. Durfee*, 69 Mo. 469; *State v. Pollard*, 139 Mo. 220. For this reason Long had the right to draw and open his knife and hold it in his hand ready for use when he went toward defendant and ordered him out of his house. He made no attempt, however, to use it.

Finding nor error in the record, judgment affirmed. All concur.