STATE of Wisconsin, Plaintiff-Respondent,†

v.

Donald I. OBERLANDER, Defendant-Appellant.

Court of Appeals

*No. 87–1396–CR. Submitted on briefs January 6, 1988.—
Decided March 2, 1988.*

(Also reported in 422 N.W.2d 881.)

† Petition to review granted.

826

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Nathaniel D. Rothstein,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Sharon Ruhly,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Donald Oberlander appeals from convictions for arson and endangering safety by conduct regardless of life. He mainly challenges the trial court's exclusion of certain evidence buttressing his theory that a third party, Mark Neu, actually committed the offense. The excluded evidence would have disclosed to the jury that Neu was, to a reasonable likelihood, previously involved in conduct similar to the arson with which Oberlander was charged. We reverse and remand for a new trial because the trial court's ruling constituted prejudicial error.

■

Preliminarily, we address Oberlander's other issue—sufficiency of evidence. At trial, the state produced no direct evidence of Oberlander's guilt, but relied solely upon circumstantial evidence. It is true, as Oberlander argues, that when circumstantial evidence is relied upon, the evidence must be sufficiently strong to exclude every reasonable hypothesis of innocence. *Peters v. State,* 70 Wis. 2d 22, 34, 233 N.W.2d 420, 426 (1975). He claims this is not the case here.

We disagree and conclude that the evidence presented was sufficient to convince the jury that there was no reasonable hypothesis of Oberlander's innocence. Expert testimony of an investigator established that the fire was incendiary in nature, deliberately started in a woodpile in a corner of the tavern basement with gasoline used as an "accelerant" to

spread the fire. The jury could find motive through testimony that Oberlander had recently increased the insurance coverage of his property, raising the building and personal property coverage by $65,000, and adding business interruption insurance. In addition, there was testimony indicating that Oberlander was having difficulty meeting the terms of a land contract on the property.

There was also evidence from which the jury could find that opportunity was present and proven: Oberlander was the last to leave the tavern, and fire fighters testified that the tavern was secure when they arrived, resulting in an inference of improbability that a stranger could have gained access to the tavern to set it ablaze. A witness testified that he saw Oberlander driving his car three to four blocks from the tavern at a high rate of speed minutes prior to the fire call. The evidence places Oberlander near the scene.

Based on this and other evidence of record, a jury could reasonably conclude that Oberlander was guilty beyond a reasonable doubt. The evidence established that the fire was caused by a criminal agency and identified Oberlander as the one responsible. *See State v. Kitowski,* 44 Wis. 2d 259, 261, 170 N.W.2d 703, 704 (1969). Although other conflicting evidence was presented on virtually every point, the credibility of the witnesses, including that of the defendant, and the weight of the evidence are exclusively for the trier of fact. *State v. Wyss,* 124 Wis. 2d 681, 694, 370 N.W.2d 745, 751 (1985). We conclude that the evidence was sufficient to convict.

We now reach the main issue—whether the trial court erred in excluding evidence relevant to Oberlan-

der's principal defense that a third party, Mark Neu, actually set the fire. While admitting some evidence of Neu's possible involvement, the trial court excluded evidence that Neu had been involved in prior conduct similar to the arson of the tavern.

The offers of proof[1] by Oberlander showed that a concession stand operated by Roger Strupp at the Slinger Speedway had been broken into at night and gasoline poured "all over the floor" of the stand. Strupp testified during the offer of proof that there were unique footprints on the concession stand door (because it had been kicked in) which led him to believe that Neu was responsible. Strupp stated that he confronted Neu, who said "did I do that, and looked real funny." Although admitting his footprints were on the door, Neu did not actually admit to pouring the gasoline. Neu did, however, repair the damaged concession stand.

Oberlander offered this evidence under sec. 904.04(2), Stats.,[2] arguing that the evidence was probative of identity. Testimony showed that gasoline was poured over the floor of the bar area of his tavern, saturating portions of the carpet, and over the floor of the kitchen area in one large and several smaller puddles. He reasoned that Neu's prior act, also con-

---

[1]Two offers of proof were made. The first was when Oberlander's counsel sought to question Mark Neu and the second when one Roger Strupp was questioned.

[2]Section 904.04(2), Stats., provides:

OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

sisting of nocturnal entry and the pouring of gasoline all over the floor, was correlative.

The trial court offered two different rationales for rejecting the evidence. First, it stated that the evidence did not come under any of the exceptions under sec. 904.04(2), Stats. Alternatively, the trial court stated that only evidence of other acts of a criminal defendant are contemplated by the statute, not the acts of a witness or third party. Specifically, the trial court stated "[y]ou're trying to try Mr. Neu on some case that I don't know if he was ever charged with anything, but some matter a year before. ... [I]t's opening a whole new trial on a different party an uncharged party and we're not going to have that . . . ." The trial court went on to state, "I'm satisfied that under section 904.04 [(2), Stats.,] this is not appropriate. I don't think the Whitey [sic] case[3] is controlling here, that it's concerned primarily with the defendant . . . ."

Whether a defendant may introduce other acts of third parties as evidence and whether attempts to do so are subject to the requirements of sec. 904.04(2), Stats., are questions of first impression in Wisconsin.[4]

Courts in other jurisdictions have resolved this issue in three ways. Several courts have held that the general rule concerning other acts evidence is one of

---

[3]*Whitty v. State,* 34 Wis. 2d 278, 149 N.W.2d 557 (1967), *cert. denied* 390 U.S. 959 (1968).

[4]We note that other acts evidence of the victims of crimes has previously been offered by defendants under sec. 904.04(2), Stats., to show the victim's motive and intent to fabricate the charges against the defendant. However, the issues presented here were not reached. *Angus v. State,* 76 Wis. 2d 191, 199, 251 N.W.2d 28, 33, *cert. denied,* 434 U.S. 845 (1977); *Milenkovic v. State,* 86 Wis. 2d 272, 282–83, 272 N.W.2d 320, 325 (Ct. App. 1978).

exclusion, with the result that it is only other acts evidence of a person as the defendant in a prosecution for a related offense that is admissible. *See, e.g., United States v. Kelley,* 545 F.2d 619, 623 (8th Cir. 1976), *cert. denied,* 430 U.S. 933 (1977). Other jurisdictions have concluded that other acts evidence of third parties is admissible on a case-by-case basis according to general relevancy considerations. *See, e.g., People v. Flowers,* 644 P.2d 916, 919 (Colo.), *appeal dismissed,* 459 U.S. 803 (1982). Finally, several jurisdictions have concluded that other acts of third parties should be admissible, but only upon satisfaction of the limitations contained in statutes similar to sec. 904.04(2), Stats., just as with admission of evidence of a defendant's other acts. *See, e.g., United States v. Puckett,* 692 F.2d 663, 671 (10th Cir.), *cert. denied,* 459 U.S. 1091 (1982); *cert. denied sub nom., Krown v. United States,* 460 U.S. 1024 (1983).

Upon review of these and other authorities, we conclude that the latter position, admission of evidence of other acts of third parties subject to the limitations of a statute such as sec. 904.04(2), Stats., is most sound.

Those courts that have imposed a blanket restriction precluding third party other acts evidence have done so on the basis that statutes such as sec. 904.04(2), Stats., are limited in scope, reflecting a long standing policy of exclusion which allows other acts evidence under only limited circumstances: to show the motive, intent, etc., of a "person *as the accused* in a prosecution for a related offense." *Kelley,* 545 F.2d at 623 (emphasis in original).

However, a blanket restriction on other acts evidence of third parties is not warranted under the

832

language of sec. 904.04(2), Stats. The statute is addressed to use of other acts evidence offered "to prove the character *of a person* in order to show that he acted in conformity therewith." Sec. 904.04(2) (emphasis added). That person can be a defendant, co-defendant, witness or other third party. *See* 22 C. Wright & K. Graham, *Federal Practice & Procedure* sec. 5239 at 457–58 (1978). Moreover, to limit other acts evidence to acts by the defendant could work in many cases to exclude highly probative evidence on an issue relevant to the defendant's presentation of his defense. We note the significant due process and equal protection problems such a position may pose.[5]

Courts that admit evidence of other acts of third parties under general relevancy principles have recognized the need for such evidence as often being both probative and relevant to an issue in the case, but have declined to apply the procedural restrictions imposed by statutes such as sec. 904.04(2), Stats. The policy behind such statutes, these courts reason, is to prohibit introduction by the state of evidence of *a defendant's* bad character unless relevant for some other purpose. *See, e.g., State v. Jennings,* 666 P.2d 381, 382 (Wash. App. 1983). When other acts of third parties are offered into evidence, the defendant's character is not impugned and therefore no danger arises that a jury will convict a defendant based on

---

[5]Although considering defendant's attempt to use his own prior acts which were arguably exculpatory in nature, the Wisconsin Supreme Court has recognized the potential inequities of allowing the state to use other acts evidence to convict the defendant, while precluding the defendant from using other acts evidence of an exculpatory nature. *See State v. Watkins* 39 Wis. 2d 718, 726, 159 N.W.2d 675, 678 (1968), *cert. denied,* 393 U.S. 1036 (1969).

■■■■■■■■■

■■■■■■■■■

prior bad acts, making the protections of an "other acts" statute unnecessary. *See, e.g., United States v. Edwards,* 696 F.2d 1277, 1280–81 (11th Cir.), *cert. denied,* 461 U.S. 909 (1983).

The Wisconsin Supreme Court has recognized the rationale of protecting defendants when discussing evidence of other acts, stating that:

> The character rule excluding prior-crimes evidence as it relates to the guilt issue rests on four bases: (1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge, but because he has escaped punishment from other offenses; (3) the injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the confusion of issues which might result from bringing in evidence of other crimes.

*See State v. Evers,* 139 Wis. 2d 424, 433–34, 407 N.W.2d 256, 260–61 (1987).

Unlike those courts that have rejected the application of statutes such as sec. 904.04(2), Stats., we believe these concerns are equally valid when applied to evidence of other acts of third parties. When, as in a case such as this, a defendant seeks to introduce other acts evidence to show that a third party committed the charged offense, the danger is just as great that the jury will conclude the third party committed the act because he is "likely" to do so or because he escaped prior punishment. The danger is also just as great that the jury will be confused by the introduction of other crimes evidence or that the third party will be unprepared to demonstrate fabrication. We see no

valid reason for making a distinction between defendants and third parties in this area. The concerns of a statute such as sec. 904.04(2) go beyond mere protection of a defendant from prejudice. Such statutes address concerns of relevancy and also questions of allowable methods of proof. *Puckett,* 692 F.2d at 671.

■

Moreover, examination of sec. 904.04(2), Stats., shows that it sets forth an analytical framework for examination of other acts evidence. The statute provides that such evidence is not relevant when used "to prove the character of a person in order to show that he acted in conformity therewith," but rather must be introduced for the purpose of proving an element listed within the statute. Then, the evidence must be shown to be more probative than prejudicial. *Evers,* 139 Wis. 2d at 434, 407 N.W.2d at 261.

■

The statute thus provides a needed framework and guidelines for the consideration of other acts evidence which is missing in those cases that admit the evidence subject only to general relevancy considerations. Therefore, while we determine other acts evidence of third parties may be admissible if relevant, the conditions of sec. 904.04(2), Stats., must be examined as part of the grant-in-aid of admissibility. *See State v. Watkins,* 39 Wis. 2d 718, 726, 159 N.W.2d 675, 678 (1968), *cert. denied,* 393 U.S. 1036 (1969).

■

The merits of this position are demonstrated by the facts of this case. As his principal defense, Oberlander sought to establish that Neu was the perpetrator of the charged offense. Use of the third party defense is based upon the premise that when the guilt of another person is inconsistent with the guilt of

the defendant, it is relevant for the defendant to present evidence that such other person committed the crime. *Boyer v. State,* 91 Wis. 2d 647, 660, 284 N.W.2d 30, 35 (1979).

The third party defense is, however, difficult to establish. The defense cannot rest on the creation of "a bare possibility that a third party might be the culprit." *State v. Denny,* 120 Wis. 2d 614, 622, 357 N.W.2d 12, 16 (Ct. App. 1984). Rather, in *Denny,* we created a bright line rule requiring the establishment of motive, opportunity, and a direct connection between the third party and the charged offense. *Id.* at 624, 357 N.W.2d at 17. Once the necessary foundation is established, it is permissible to introduce evidence of a motive of a third party to commit the crime, threats by the third party, or other facts which are relevant to establish that the third person committed the act. *State v. Hawkins,* 260 N.W.2d 150, 159 (Minn. 1977).

Regarding motive, the first element of the third party defense, the trial court allowed Oberlander to introduce evidence that Neu had made numerous threats to "burn down" and "propane" Oberlander's tavern. These threats, the last of which were made on the night of the fire, were the result of Oberlander's refusal to serve Neu due to his undesirable behavior, bothering and threatening other customers. One month prior to the fire, following such a threat, Neu cut electrical service wires to the tavern.

The second element, opportunity on the part of Neu, was established by the trial court's admission of the testimony of Oberlander and a witness, Tom Burg. Oberlander testified that although he assumed he locked the tavern door as he left, he was not positive

he had done so, thus providing a means of access for Neu into the building. In addition, there was testimony that some of the windows leading into the tavern were "broken out" prior to the fire. Oberlander then testified that as he was driving away from the tavern at approximately 2:30 a.m., he saw Neu three-fourths of a block from the tavern and walking towards it. Tom Burg corroborated this testimony, stating that shortly before the fire call was made he was looking out the window of his house and observed Neu walking towards the tavern, located approximately three to four blocks away.

Oberlander then sought to introduce the evidence of Neu's prior conduct as probative on the issue of identity of the perpetrator, an exception for admission under sec. 904.04(2), Stats. By establishing the identity of Neu as the perpetrator, the other acts evidence would help in furnishing a direct connection to the crime.

While the state argues that the prior acts evidence was not sufficiently similar to be probative on the issue of identity, the two acts were similar in two important aspects—a nocturnal entry of a business in the Slinger area and the indiscriminate pouring of gasoline on the floor—such that a jury could infer the acts to bear upon the "imprint" of Neu, creating a discernible mode of operation from one act to the next. *See State v. Fishnick,* 127 Wis. 2d 247, 263–64, 378 N.W.2d 272, 281 (1985).

The error was not harmless. To be considered harmless, a reviewing court must be able to declare a belief that there was no reasonable possibility that the error contributed to the conviction. *State v. Dyess,* 124

Wis. 2d 525, 543, 370 N.W.2d 222, 231–32 (1985). Because the jury was denied the opportunity to evaluate Oberlander's third party defense in light of all relevant evidence, we are unable to declare such a belief. *Cf. State v. Boykins,* 119 Wis. 2d 272, 279–80, 350 N.W.2d 710, 714 (Ct. App. 1984). Therefore we reverse Oberlander's conviction and remand for a new trial.

*By the Court.*—Judgment and order reversed and cause remanded for a new trial.