STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Donald I. OBERLANDER, Defendant-Appellant.†

Supreme Court

*No. 87–1396–CR. Argued December 1, 1988.—Decided April 25, 1989.*

(Also reported in 438 N.W.2d 580.)

---

† Motion for reconsideration denied, without costs, on June 6, 1989.

For the plaintiff-respondent-petitioner the cause was argued by *Maureen McGlynn,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was brief and oral argument by *Nathaniel D. Rothstein,* Milwaukee.

DAY, J.   This is a review of a published opinion by the court of appeals, *State v. Oberlander,* 143 Wis. 2d 825, 422 N.W.2d 881 (Ct. App. 1988), which reversed and remanded a judgment and order of the circuit court for Washington county, Honorable Richard T. Becker, Judge. The defendant, Donald Oberlander (Oberlander), was found guilty by a jury of one count of arson and four counts of conduct regardless of life, contrary to secs. 943.02(1)(a),[1] and 941.30,[2] Stats. 1985–86. The court of appeals reversed the conviction because it concluded the circuit court erred in not permitting Oberlander to introduce certain evidence to support Oberlander's contention that another person set the fire. Because we hold the circuit court did not abuse its discretion by excluding the evidence, we reverse the court of appeals' decision.

The two issues presented on this appeal are: (1) whether the court of appeals erred by reviewing as a

---

[1] **943.02 Arson of buildings; damage of property by explosives. (1)** Whoever does any of the following is guilty of a Class B felony: (a) By means of fire, intentionally damages any building of another without his consent, or . . . .

[2] **941.30 Endangering safety by conduct regardless of life.** Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, is guilty of a Class D felony.

134

question of law the circuit court's determination that the other-acts evidence was irrelevant rather than applying an abuse of discretion standard, and; (2) if the court of appeals did err, whether the circuit court abused its discretion when it decided that evidence of other-acts offered by Oberlander was irrelevant and inadmissible. We conclude the court of appeals should have applied an abuse of discretion standard in reviewing the circuit court's decision, and in applying such a standard we hold that the circuit court did not abuse its discretion.

Oberlander allegedly set fire to a building which contained his business, the Last Lap Tavern. Besides the tavern, the upper level of the building also contained apartments where Oberlander and others resided. On the night of the fire, four people were asleep in these apartments. One tenant was awakened by the smoke and the other tenants were alerted. The fire department was called at around 2:57 a.m. All four escaped without injury. The tenants had checked to see if Oberlander was there but they saw that his car was gone. Oberlander was subsequently charged with one count of arson and four counts of endangering safety by conduct regardless of life.

At trial, the prosecution presented evidence that the fire was intentionally set. An expert testified that gasoline had been used and that it was a "sophisticated" job. When fire fighters arrived, they had to break into the tavern and basement area through locked doors to fight the fire. There was no evidence that entry prior to that of the fire fighters was gained through any windows in the tavern. Oberlander testified that he could not remember if he locked the rear door of the tavern that night.

135

The major issue of the trial was the identity of the arsonist. Oberlander, the prosecution argued, had a financial motive to collect insurance proceeds. Defense counsel, however, contended that another person, Mark Neu (Neu) or possibly someone else, had started the fire.

The defense introduced evidence to support its contention that Neu was the arsonist. This evidence included threats Neu made against Oberlander that he would "burn down" or "propane" the tavern, including threats made the night of the fire. There was also evidence that Oberlander had ordered Neu out of the Last Lap Tavern, that Neu had threatened the lives of a number of people, including Oberlander, that Neu told his own counsel at another unrelated court appearance that he "should burn down another tavern" and that the tavern he was referring to was the Last Lap Tavern. In addition, evidence that Neu had cut the electrical wires to the Last Lap Tavern about two months prior to the fire was also admitted.

Oberlander's counsel, however, also wanted to present evidence that Neu was possibly responsible for a "similar" incident at a concession stand at a local race track less than a year before the fire. When questioning Neu, defense counsel attempted to bring up the concession stand incident. The prosecutor objected; arguing the evidence was irrelevant.

In an offer of proof, defense counsel contended this evidence was "very relevant and material to inquire here because the method employed here is very very similar, in fact same method employed at the Last Lap Tavern . . . ." After comments by the prosecutor, counsel for defense continued to argue for admission of the evidence: "I think it's material because it shows motive and intent . . . . it's admissible . . . under Whitey [sic] to

show motive and intent because there's a similar motive here, gasoline, ...."

After hearing arguments by both parties, the circuit court ruled on the matter by stating:

> You're trying to try Mr. Neu on some case that I don't know if he was ever charged with anything, but some matter a year before. I did not think this was completely irrelevant and it's opening a whole new trial on a different party, an uncharged party and we're not going to have that, sustain the objection of the District Attorney, too remote, no connection with the Last Lap Tavern in any way, shape or form that has been indicated here and I don't think there's any relevance much less worry about whether its prejudicial affect would outweigh relevance but I don't think there's any relevance at all, the objection of the District Attorney is sustained.

Later, defense counsel presented the manager of the local race track as a witness. Counsel made an offer of proof as to what this witness would testify about the concession stand incident. The court noted that "[t]he ruling is going to be the same" as that issued for the earlier attempt to introduce this evidence. The prosecutor objected to the content on the same basis as previously stated. Counsel made his offer of proof by calling the proposed witness in the absence of the jury.

The witness testified as follows: approximately a year before the fire, he observed that the concession stand of the race track had been broken into. The door of the concession stand had been "smashed" in and there was a large shoe print on it. At the time the witness believed the shoe print resembled Neu's shoe print. Gasoline was also found on the floor of the stand.

The witness then set out to question Neu about the incident. When he found Neu, the witness asked him

"what did you do that for last night ...." Neu said he did not know what the witness was talking about and then the two of them went out to the concession stand. At the track, the witness asked Neu if the shoe print was his and Neu said it looked like it was. The witness asked Neu once again if he was responsible to which Neu, according to the witness, responded by "[saying], did I do that, and looked real funny ... I think I did it and I'll fix it up, the door jams and stuff ...." When asked if he had poured the gasoline, the witness testified that Neu "looked at me and like, did I do that, you know." Neu reportedly fixed the door. The witness, however, hosed the gasoline out of the building.

The prosecutor renewed his objection at the end of the offer of proof and the court stated:

> We don't have to go through the same arguments this is the same thing we had a ruling on earlier. I'm satisfied that under Section 904.04 this is not appropriate. I don't think the Whitey [sic] case is controlling here, that it's concerned primarily with the defendant I suppose could be stretched but I think this is being clearly offered to prove the character of Mark Neu to show that he committed this crime and that's exactly what the statute says is not admissible, does not come under any of the exceptions such as proof of motive, intent, plan, identity, none of those things that this would show as to the Last Lap tavern so I'll rule this testimony is inadmissible and no questions asked about it.

The prosecutor presented evidence that Oberlander was seen driving at a high rate of speed away from the direction of the tavern within a few minutes after the fire had been reported to the fire department. The same witness also testified that just prior to his seeing Oberlander driving away, he heard Neu pound on his

door for approximately ten to fifteen minutes. This witness then watched Neu walk towards the tavern and minutes later he observed Oberlander.

The jury found Oberlander guilty on all five counts. Oberlander appealed to the court of appeals on two issues. First, defense counsel questioned the sufficiency of the evidence to convict Oberlander. The court of appeals concluded there was sufficient evidence to convict him. *Oberlander,* 143 Wis. 2d at 829. This determination by the court of appeals is not before this court for review.

Second, counsel for defense argued the circuit court had erred by excluding evidence about the concession stand incident. The court of appeals concluded that the circuit court had two different rationales for rejecting the evidence. First, that the evidence did not come within the exceptions stated under sec. 904.04(2), Stats.[3] Secondly, that sec. 904.04(2), only applies to evidence of other acts of a criminal defendant and not to the acts of a witness or other third party. *Id.* at 831. The court of appeals held that sec. 904.04(2), applies to acts of third parties. *Id.* at 835. It also concluded that the other-acts evidence in this case was erroneously excluded because it fell within an exception under sec. 904.04(2). The court of appeals found the two acts, the concession stand incident and the fire, to be "similar in two important aspects—a nocturnal entry of a business

---

[3]**904.04 Character evidence not admissible to prove conduct, exceptions; other crimes . . . (2)** Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

in the Slinger area and the indiscriminate pouring of gasoline on the floor—such that a jury could infer the acts to bear upon the 'imprint' of Neu, creating a discernible mode of operation from one act to the next." *Id.* at 837. It further held the error was not harmless and, therefore, reversed the conviction and remanded the cause for a new trial. *Id.* at 837–38. The State of Wisconsin petitioned for review and this court granted this petition.

## STANDARD FOR REVIEWING THE CIRCUIT COURT'S RULING

The court of appeals held that the circuit court declined to admit the evidence for two reasons: Section 904.04(2), Stats., did not apply to acts of people other than the defendant and that the evidence did not come within the exceptions of the statute. Upon reviewing the entire record, however, we find an additional reason enunciated by the circuit court: the evidence was irrelevant. In its first ruling on this evidence, the circuit court stated: "I don't think there's any relevance much less worry about whether its prejudice effect would outweigh relevance but I don't think there's any relevance at all...."

"A circuit court has broad discretion in determining the relevance and admissibility of proffered evidence." *State v. Brecht,* 143 Wis. 2d 297, 320, 421 N.W.2d 96 (1988). "The determination of relevancy can never be an exact science because it necessarily involves the trial court's considered judgment whether a particular piece of evidence tends to establish a fact of consequence in a given set of circumstances." *State v. Pharr,* 115 Wis. 2d 334, 344, 340 N.W.2d 498 (1983). A

circuit court's discretionary decision will be upheld if it is made "according to accepted legal standards in accordance with the facts of record...." *State v. Fishnick,* 127 Wis. 2d 247, 257, 378 N.W.2d 272 (1985). No abuse of discretion will be found if a reasonable basis exists for the circuit court's determination. *Id.*

The court of appeals' decision is void of any mention that the standard of review for the circuit court's ruling should be whether the circuit court abused its discretion. Rather, it appears the court of appeals reviewed the lower court's decision *de novo* and without deference. The court of appeals, therefore, applied an incorrect standard of review because the initial ruling made by the circuit court was based on the court's belief that the evidence was irrelevant.

We note that even if the two reasons identified by the court of appeals were the only basis for the circuit court's decision, there would still be an underlying question of relevancy. Implicit in any examination of a ruling made pursuant to sec. 904.04(2), Stats., is whether the evidence is relevant to the issues in the case. *Pharr,* 115 Wis. 2d at 344.

The court of appeals noted that "it is relevant for the defendant to present evidence that such other person committed the crime." *Oberlander,* 143 Wis. 2d at 836, citing *Boyer v. State,* 91 Wis. 2d 647, 660, 284 N.W.2d 30 (1979). In *Boyer,* however, this court held that statements made by a third party that he committed the crime in question were relevant in that case. *Boyer,* 91 Wis. 2d at 660. We find that evidence of other-alleged acts by a third party, as in this case, is distinguishable and therefore not *per se* relevant.

## *DID THE CIRCUIT COURT ABUSE ITS DISCRETION BY EXCLUDING THE EVIDENCE*

■

Finding that the court of appeals should have reviewed the circuit judge's decision on an abuse of discretion standard does not end the inquiry. The circuit court's decision will be upheld concerning evidentiary issues unless it constitutes an abuse of discretion. "This court will not find an abuse of discretion if there is a reasonable basis for the trial court's determination." *State v. Alsteen,* 108 Wis. 2d 723, 727, 324 N.W.2d 426 (1982). There should be evidence that the circuit court undertook a reasonable inquiry and examination of the facts when it made its decision. *Id.* 108 Wis. 2d at 728. Thus, in order to determine whether the circuit court abused its discretion, we must determine if there is a reasonable basis for its conclusion that the other-acts evidence relating to Mark Neu was irrelevant and inadmissible.

■

Evidence must be relevant for it to be admissible. Section 904.02, Stats.[4] Relevant evidence is defined in sec. 904.01, which provides:

> **Definition of "relevant evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

---

[4] **904.02 Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

probable or less probable than it would be without the evidence.

"[R]elevancy of evidence regarding other conduct depends upon its nearness in time, place, and circumstances to the alleged crime and upon the elements which are in dispute and are sought to be proved." *State v. Sonnenberg,* 117 Wis. 2d 159, 172, 344 N.W.2d 95 (1984). The circuit court concluded the other-acts evidence about Neu was irrelevant because the concession stand incident was "too remote" and had "no connection with the Last Lap tavern in any way, shape or form."

"Rejection of evidence because of remoteness rests in the [circuit] court's discretion." *Hart v. State,* 75 Wis. 2d 371, 386, 249 N.W.2d (1977). "In determining a dispute concerning the relevancy of proffered evidence, the question to be resolved is as to whether there is a logical or rational connection between the fact which is sought to be proved and a matter of fact which has been an issue in the case." *Id. citing* 1 Jones, *Evidence* (4th Ed.), sec. 137. Evidence is irrelevant on remoteness grounds if "the elapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof." *Id.* In exercising its discretion, the circuit court must balance the remoteness in time against "the uniqueness of the prior act of which the evidence is offered." *Sanford v. State,* 76 Wis. 2d 72, 81–82, 250 N.W.2d 348 (1977) *quoting Hough v. State,* 70 Wis. 2d 807, 815, n. 6, 235 N.W.2d 534 (1975).

We hold the circuit court did not abuse its discretion by excluding the other-acts evidence because

it concluded the evidence was irrelevant. The circuit court articulated a reasonable explanation why it believed the evidence was irrelevant. After listening to arguments made by both parties, the circuit court found the evidence was too remote and had no connection with the arson charged in this case. The circuit court based its decision on the proper facts and law governing the issue and stated its reasons for its holding.

We also note that the circuit court did admit other evidence which supported Oberlander's theory that Neu committed the arson. Evidence that Neu threatened Oberlander, that Neu had cut the electrical wires to the tavern, and that Neu may have confessed to the arson to his own counsel was admitted. The circuit court implicitly concluded that this evidence was logically and rationally related to the arson.

Because we hold the circuit court's decision to exclude the concession stand evidence was not error, we need not, and do not, reach the other issues raised by the parties. The weighing of probative against prejudicial value of the evidence only occurs after the evidence is held to be relevant. *See* sec. 904.03, Stats.

We also need not decide whether the circuit court correctly determined that sec. 904.04(2), Stats., was inapplicable to this case. As noted above, evidence admitted under sec. 904.04(2), must be relevant before it can be accepted. *Alsteen,* 108 Wis. 2d at 731. Consequently, we do not review the court of appeals' holding that sec. 904.04(2), is applicable to witnesses other than the defendant.

The circuit court reasonably concluded that evidence of the concession stand incident was irrelevant. The circuit court's determination was made on the appropriate facts and valid law, and therefore, it did not

144

abuse its discretion. Consequently, the decision of the court of appeals is reversed.

*By the Court.*—The decision of the court of appeals is reversed.