STATE of Wisconsin, Plaintiff-Respondent,

v.

Gregory HARGROVE, Defendant-Appellant.†

Court of Appeals

*No. 90–0732–CR. Submitted on briefs October 2, 1990.—Decided November 6, 1990.*

(Also reported in 464 N.W.2d 14.)

† Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   Gregory Hargrove was convicted by a jury of possession of cocaine with intent to deliver, as party to a crime, in violation of sections 161.16(2)(b)1, 161.41(1m)(c)3, and 939.05, Stats. He raises two issues on appeal. First, he contends that the trial court erred in not receiving into evidence a plea bargain between Hargrove's father, a convicted drug dealer, and federal authorities. Second, he claims that the trial court should have ordered disclosure of a confidential informant's identity. We conclude that there was no error, and we affirm.

I.

On May 10, 1989, police officers executed a warrant to search the building previously owned by Lionel Tolbert, Hargrove's father, and in which Tolbert was still living. Approximately 126 grams of cocaine were discovered in a portion of the home at least temporarily occupied by Hargrove. The officers executing the search warrant also found equipment and items commonly used in the drug trade: two electronic scales, one of which was plugged in and switched on, a plate and a razor blade, and plastic baggies, some of which were contaminated with cocaine residue. When the police officers executing the search warrant first encountered Hargrove he was, according to the prosecution's evidence, wearing a pager/beeper, a device also commonly used by those in the drug trade and which went off several times during the search.

Another pager/beeper was nearby. When Hargrove testified at the trial, he denied knowing who owned the two beeper/pagers, and also denied wearing one of them. He also testified that he did not know to whom the scales belonged or for what razor blades are used in drug consumption or trafficking.

Hargrove's defense at trial was that the cocaine belonged to Tolbert. Pursuant to that strategy, Hargrove attempted to call Tolbert as a witness. Tolbert, however, asserted his Fifth Amendment right not to testify. Nevertheless, substantial evidence was received during the course of the trial that Tolbert was a drug dealer. For example, the jury was told that the search warrant was based on information provided to the police by a confidential informant who purchased cocaine from Tolbert and who related that Tolbert had more than two ounces of cocaine available for sale in his apartment. Furthermore, one of the officers executing the search warrant testified that $3,500 in cash and inositol, a cutting agent commonly used in the cocaine trade, were found in Tolbert's apartment.

## II.

A.   As noted, Hargrove's first claim of trial-court error was the ruling excluding evidence of Tolbert's plea bargain with the United States attorney in Milwaukee. Hargrove's attorney made the following offer of proof: if called, an assistant United States attorney would testify that he prosecuted Tolbert in connection with a conspiracy to distribute cocaine that ran from December of 1985 to December 1, 1987, to which Tolbert pled guilty; that Tolbert also acknowledged possessing one ounce of cocaine on February 8, 1988, with intent to distribute; that Tolbert had, also pursuant to the plea bargain,

taken responsibility for a state cocaine charge then pending against another son, accepting, in the words of the offer of proof, "responsibility for, a house where cocaine was stored with his—with a different son"; and, that the state "moved to dismiss that case against [the other son] based on this plea agreement of Lionel Tolbert." Hargrove's attorney argued that the federal prosecutor's testimony should be received because it showed Tolbert's scheme to "place[ ] other people in jeopardy without their knowledge."

The trial court rejected Hargrove's offer of proof. First, it adopted the state's argument that the evidence was not unique and was too remote, and, additionally, that the state would be prejudiced by not being able to examine Tolbert about the inference Hargrove wanted the jury to draw from the plea bargain since Tolbert was not going to testify. The trial court also explained that, in its view, the plea-bargain evidence was not relevant:

> It is the theory of the defendant that because by proving that Tolbert was an open and notorious drug dealer, that it, therefore, follows that the defendant, Hargrove, is not a drug dealer; and the argument simply does not allow itself to pass the legal test of sufficient relevance.

A trial court's decision to admit or exclude evidence is a discretionary determination and will not be upset on appeal if it has "a reasonable basis" and was made " 'in accordance with accepted legal standards and in accordance with the facts of record.' " *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983) (quoting *State v. Wollman,* 86 Wis. 2d 459, 464, 273 N.W.2d 225, 228 (1979)). Here, the trial court admitted extensive evidence that permitted Hargrove to argue that the drugs

and drug paraphernalia found in the area of Tolbert's building where Hargrove was staying actually belonged to Tolbert. The trial court did not, however, abuse its discretion in excluding evidence of the federal-court plea bargain. First, the proposed testimony added little to the evidence concerning Tolbert's drug dealing that had already been received; it was thus only marginally relevant on that issue. Second, the jury was told that the informant had purchased the cocaine from Tolbert and not Hargrove. Third, in light of Tolbert's decision not to testify, the state would have been unable to explore how, if at all, the circumstances surrounding the plea bargain related to the cocaine in Hargrove's area of the building. Furthermore, as the trial court pointed out, Hargrove's evidentiary syllogism failed; admission of the plea bargain would have permitted the jury to flounder about in a sea of speculation. In sum, the trial court's decision was within the proper ambit of its discretion: it "articulated a reasonable explanation why it believed the evidence was irrelevant" and "based its decision on the proper facts and law governing the issue." *See State v. Oberlander,* 149 Wis. 2d 132, 144, 438 N.W.2d 580, 584 (1989).

B. Hargrove's second claim of trial-court error is the trial court's refusal to allow the discovery of the identity of the informant whose information supported the search of Tolbert's building. Rule 905.10(1), Stats., provides that the "state . . . has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law . . .." Disclosure is required, however, when the "informer's identity, or . . . the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States,* 353 U.S.

53, 60–61 (1957). Thus, Rule 905.10(3)(b), Stats., provides that "[i]f it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . the judge shall give the . . . state . . . an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony."

The proposed testimony must be "necessary to *support* the theory of the defense." *State v. Outlaw,* 108 Wis. 2d 112, 141, 321 N.W.2d 145, 160 (1982) (emphasis in original) (a concurring opinion by Justice Callow on behalf of four members of the Court, and, therefore, stating the law on this issue, *State v. Dowe,* 120 Wis. 2d 192, 194–195, 352 N.W.2d 660, 662 (1984) *(per curiam))*. The defendant has the initial, although minimal, burden of justifying the trial court's further inquiry. *Outlaw,* 108 Wis. 2d at 125–126, 321 N.W.2d at 153. Here, Hargrove's counsel had complete access to the affidavit in support of the search warrant executed by the law enforcement officer, and thus knew that the warrant was predicated on the informant's recent purchase of cocaine from Tolbert and the assertion that Tolbert had more than two additional ounces available for sale. Counsel also, obviously, had access to his client, Hargrove. Yet, counsel was unable to make any showing whatsoever that the confidential informant had any information that was, in the words of Rule 905.10(3)(b), Stats., "necessary to a fair determination of the issue of guilt or innocence." Absent that showing, the trial court did not err in failing

to proceed with the *in camera* inquiry.[1]

*By the Court.*—Judgment affirmed.

[1]The trial court denied Hargrove's motion to compel disclosure of the informant's identity on the ground that the informant was not "a transactional witness." Although there might be situations where an informant "may be able to give testimony necessary to a fair determination of the issue of guilt or innocence," Rule 905.10(3)(b), Stats., even though he or she was not a witness to the transaction underlying the criminal charge, the clear import of the trial court's comments is that Hargrove failed to show that the informant had anything to do with him or had any information that bore on his guilt or innocence.