STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas E. KIMPEL, Defendant-Appellant.

Court of Appeals

*No. 89-0790. Submitted on briefs October 17, 1989.—Decided December 19, 1989.*

(Also reported in 451 N.W.2d 790.)

For defendant-appellant there were briefs by *John D. Hanson* and *Van Metre, Hanson & Meyer,* Madison.

For plaintiff-respondent there was a brief by *Donald J. Hanaway* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Thomas Kimpel appeals an order denying his motion for a new trial under sec. 974.06, Stats., on grounds of newly-discovered evidence. The issues are whether the evidence is material and whether it is reasonably probable that a different result would be reached on a new trial, two of five prerequisites to a grant of a new trial based on newly-discovered evidence. *State v. Boyce,* 75 Wis. 2d 452, 457, 249 N.W.2d 758, 760 (1977). Even if the new evidence were material and admissible, it is not reasonably probable that a different result would be reached. Accordingly, we affirm the trial court's denial of a new trial.

Kimpel was charged with attempted first-degree murder, and injury by conduct regardless of life with use of a weapon for his involvement in the March 24, 1984, stabbing of Earl Greely.[1] At the preliminary hearing,

---

[1] Kimpel was also charged and convicted of armed robbery, to which his claim of self-defense does not apply.

Greely testified to his version of the events. He did not testify at the trial because on July 16, 1984, he was found dead in Superior. At the time of Kimpel's trial, no one had been charged in Greely's death.

At his trial, Kimpel did not testify, but he presented a claim of self-defense through the testimony of a police detective to whom he had given a statement. Kimpel claimed that he met Greely in a bar and Greely indicated that he would sell him some marijuana. They went to Greely's apartment where Greely made violent, homosexual advances toward him with a knife. Greely stabbed him in the groin area. During the struggle that ensued, Kimpel was able to get the knife away from Greely and then he stabbed Greely in self-defense. Despite Kimpel's self-defense claim, the jury found him guilty of all the charges.

Several years later, Charles Davis stood trial for Greely's murder. Davis claimed that he acted only in self-defense after he was violently, homosexually attacked by Greely. He testified that he met Greely outside a bar in Superior and that Greely asked him if he wanted to smoke some marijuana with him. They went to a shed nearby, and Greely told him to take down his pants. When Davis refused, Greely attacked him with a knife. During the struggle for the knife that followed, Davis stabbed Greely. It is Davis' testimony upon which Kimpel bases his motion for a new trial.

The trial court held that this testimony would be admissible under sec. 904.04(1)(b), Stats.[2] The court, however, denied the motion for a new trial because it was

[2]Section 904.04(1) states in part:

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except . . ..

not reasonably probable that a different result would be reached on retrial. It concluded that the evidence would merely impeach the credibility of a witness, which is not, by itself, a basis for a new trial. *Simos v. State,* 53 Wis. 2d 493, 499, 192 N.W.2d 877, 880 (1972).

Kimpel argues that the trial court erred by failing to analyze the new evidence under sec. 904.04(2), Stats.[3] He asserts that Davis' testimony concerning a subsequent violent, homosexual act by Greely would be admissible as proof of Greely's motive, intent, opportunity, plan, and identity. As such, it would be substantially more than impeachment evidence, therefore satisfying the *Boyce* factor that it be reasonably probable that a different result be reached upon retrial.

Section 974.06, Stats., allows postconviction relief after the time for appeal has expired only if constitutional or jurisdictional issues are raised. *State v. Nicholson,* 148 Wis. 2d 353, 360, 435 N.W.2d 298, 301 (Ct. App. 1988). This court has held that due process may require a new trial under sec. 974.06 if new evidence is discovered. *State v. Bembenek,* 140 Wis. 2d 248, 252, 409 N.W.2d 432, 434 (Ct. App. 1987). However, in order to prevail, the evidence must meet the conditions as set out in *Boyce:*

> (1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligent in seeking to discover

---

[3]Section 904.04(2) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at trial; and (5) it must be reasonably probable that a different result would be reached on a new trial.

*Bembenek,* 140 Wis. 2d at 252, 409 N.W.2d at 434 (quoting *Boyce,* 75 Wis. 2d at 457, 249 N.W.2d at 760)).[4]

The decision whether to grant a new trial on grounds of newly-discovered evidence is normally a discretionary decision of the trial court. *Boyce,* 75 Wis. 2d at 457, 249 N.W.2d at 760. However, whether due process requires a new trial because of newly-discovered evidence is a constitutional question subject to independent review in this court. *Bembenek,* 140 Wis. 2d at 252, 409 N.W.2d at 434.

Use of other crimes, wrongs or acts evidence to prove that a person acted in conformity with his character on a particular occasion is generally excluded. Sec. 904.04(2), Stats. This "character rule" is universally established, and the evidence is "objectionable, not because it has no appreciable probative value, but because it has too much." *Whitty v. State,* 34 Wis. 2d 278, 291–92, 149 N.W.2d 557, 563 (1967). Nevertheless, exceptions to the rule are found throughout the evidence code and are the source of considerable discussion and disagreement.

Section 906.09, Stats., although aimed at credibility and not character, permits limited admissibility of a prior criminal record of a witness. Witnesses also may be

---

[4]The parties do not dispute that factors (1), (2) and (4) have been satisfied. In addition to its argument that factor (5) has not been met, the state argues that the evidence is not material. Because we decide that the evidence fails factor (5), we do not decide this issue.

impeached under limited circumstances by inquiry into specific instances of other conduct. Sec. 906.08(2), Stats.[5] In *State v. Sonnenberg*, 117 Wis. 2d 159, 344 N.W.2d 95 (1984), four justices agreed that the impeachment provisions of sec. 906.08(2) limit the inquiry about other conduct to the cross-examination of the witness himself, while three concurring justices suggest that *extrinsic* evidence ought to be allowed, even on a collateral issue, if the conduct is sufficiently similar to the offense charged. In light of Greely's death, and the majority view in *Sonnenberg*, sec. 906.08(2) would not come into play upon a retrial.

■
Most debate surrounding other-wrongs evidence centers upon the provisions of sec. 904.04(2), Stats., providing an exception to the character rule if the evidence is offered for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It is this provision upon which Kimpel relies. We first note that sec. 904.04(2) is applicable to prove something about a person other than a defendant. In *State v. Oberlander*, 149 Wis. 2d 132, 144, 438 N.W.2d 580, 585 (1989), the supreme court declined to rule on an unpublished holding of the court of appeals that the use of evidence under this section is applicable to witnesses other than the defendant. We

---

[5]Section 906.08(2) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

also note, however, that *State v. Balistreri,* 106 Wis. 2d 741, 317 N.W.2d 493 (1982), tacitly accepted the broader view of the statute espoused by the court of appeals in *Oberlander.* In *Balistreri,* the supreme court reviewed as a matter of trial court discretion the exclusion of sec. 904.04(2) other-wrongs evidence by a witness other than a defendant. *Id.* at 757, 317 N.W.2d at 501. Finally, sec. 904.04(1) carefully distributes its application to a "person," "victim," "witness," or an "accused." Subsection (2) is applicable to any "person." We therefore conclude that other-wrongs evidence is not limited solely to a defendant's acts.

A determination whether other-wrongs evidence is admissible is a two-step process. *State v. Friedrich,* 135 Wis. 2d 1, 19, 398 N.W.2d 763, 771 (1987). First, the trial court must find that the evidence fits within an exception of sec. 904.04(2), Stats. Second, the trial court must exercise its discretion to determine whether any prejudice resulting from the other crimes evidence outweighs its probative value. *Id.;* sec. 904.03, Stats. Implicit in this analysis is the requirement that the other-wrongs evidence is relevant to an issue in the case. *Friedrich,* 135 Wis. 2d at 19, 398 N.W.2d at 771.

The trial court here had no occasion to apply this two-step analysis, since it ruled that Davis' testimony would be admissible under sec. 904.04(1)(b), Stats. *Werner v. State,* 66 Wis. 2d 736, 226 N.W.2d 402 (1975), conflicts with the trial court's view of admissibility. Although Werner's trial apparently occurred prior to the current evidence code, the trial court rejected the defendant's attempt to introduce evidence in a homicide case of the victim's prior acts of violence unknown to the defendant at the time of the crime. The court recited the

long-standing rule disapproving use of specific conduct to prove violent character and also noted:

> The new Wisconsin Rules of Evidence, effective January 1, 1974, are consistent with this rule. Under sec. 904.04(1)(b), Stats., evidence of the character of an attacked victim is admissible; but under sec. 904.05(1), proof of character on direct examination is only by testimony as to general reputation or testimony in the form of an opinion. Specific .conduct evidence is admissible under sec. 904.05(2), where character is an "essential element of a charge, claim, or defense." As the notes following secs. 904.04 and 904.05 make clear, however, use of character evidence to prove that the victim was the aggressor in a fight is not such a situation.

*Werner,* 66 Wis. 2d at 744–45 n. 6, 226 N.W.2d at 406 n. 6. Although *Werner* purports to reject specific instances of conduct under the sections recited, it does not explicitly speak to the use of sec. 904.04(2), Stats. We need not decide, however, whether the trial court could admit evidence of Greely's Douglas County behavior under subsec. (2). We need not remand this matter for the two-step process in this case because even if Davis' testimony concerning Greely's conduct in Superior were deemed admissible, it is improbable a new trial would reach a different result.

We conclude that the overwhelming evidence of guilt renders a different result improbable even if Davis' testimony were admitted at retrial. Greely testified that Kimpel stabbed him repeatedly and left only upon Greely's payment of money. Greely's neighbor corroborated hearing a disturbance and Greely's remark in an excited tone of voice, something to the effect that "You

can have it, take my money," whereupon someone left the room.

Kimpel fled the scene, changed his appearance by shaving his mustache, and never went to the police. When contacted, he denied stabbing Greely and later changed his story to say he only stabbed him once. He denied taking any money. The medical testimony was that Greely received three wounds to the chest, six wounds to the back, a wound to the left forearm, wounds to both upper arms, and two wounds near his eyes.

While Kimpel's flight, attempt at disguise, retracted version of events and minimization of his assault are strong indications of guilt, they are given added weight when viewed in conjunction with the independent corroboration by a neighbor of robbery as a motive. Robbery, of course, is totally inconsistent with a claim of self-defense. There is no purpose in remanding to the trial court to reconsider testimony that is of possible, but not probable, significance.

Finally, while we need not defer to the trial court on matters involving due process, we agree with that court's conclusion that "the evidence adduced at trial, when taken as a whole, overwhelmingly establishes Kimpel's guilt."

*By the Court.*—Order affirmed.