COURT OF APPEALS
DECISION
DATED AND FILED

November 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP2306**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2014CF2307**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMEY LAMONT JACKSON,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Affirmed.*

Before Brash, C.J., Graham and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Jamey Lamont Jackson, *pro se*, appeals from orders of the circuit court that denied his motions for a new trial and for

reconsideration. Jackson asserts that a federal district court ruling in proceedings he initiated constitutes newly discovered evidence. We affirm the orders.

¶2 In 2014, Jackson was charged with one count of possession of a firearm by a felon following a shootout that killed an elementary school student in the crossfire. The Milwaukee Police Department organized a live lineup with Jackson as one of the subjects. Three witnesses identified Jackson through the lineup. The case was tried to a jury, which convicted Jackson.

¶3 With the assistance of counsel, Jackson filed a postconviction motion for a new trial. He alleged that trial counsel was ineffective for failing to challenge the lineup on two grounds: (1) his Sixth Amendment right to counsel was violated when he was not afforded counsel for the lineup, and (2) the lineup was impermissibly suggestive. That motion was denied.[1] Jackson appealed but did not revisit his Sixth Amendment claim. We affirmed the judgment of conviction and the order denying his postconviction motion. *See State v. Jackson*, No. 2017AP968-CR, unpublished slip op. (WI App Mar. 6, 2018). The supreme court later denied Jackson's petition for review.

¶4 While his appeal was pending, Jackson filed a civil suit in federal district court pursuant to 42 U.S.C. § 1983.[2] He named several police officers as defendants and asserted that they had violated his Sixth Amendment right to

---

[1] The Honorable Daniel L. Konkol presided at trial and sentencing. The Honorable M. Joseph Donald denied the original postconviction motion. The Honorable Janet C. Protasiewicz denied the motions that are the subject of this appeal, and will be referred to as the circuit court.

[2] Title 42 U.S.C. § 1983 authorizes private parties to bring suit against government entities and officials who violate their federal constitutional rights while acting under color of state law.

counsel during the lineup. The officers moved for judgment on the pleadings. In its decision, the district court noted that at least two other district courts within the Seventh Circuit had determined that the right to counsel attaches when, as frequently happens in Milwaukee County and had happened in Jackson's case, a court commissioner signs a probable cause determination form. *See Jackson v. Devalkenaere*, No. 18-CV-446-JPS, 2019 WL 4415719, at *3 (E.D. Wis. Sept. 16, 2019). Wisconsin state courts, however, have rejected that view, so the district court concluded that it "was not clearly established that the right to counsel attaches after the commissioner's probable cause determination[.]" *See id.* Thus, the district court granted the officers' motion for judgment and dismissed the case on qualified immunity grounds. *See id.* at *4.

¶5 In the course of issuing its order, the district court had noted that the officers "do not dispute that [Jackson's] Sixth Amendment rights were violated when he was denied counsel at the police lineup." *See id.* at *2. Based on this observation, Jackson filed the underlying postconviction motion in the circuit court, seeking a new trial based on "newly discovered evidence"—namely, the "admission" by officers in the federal case that his rights had been violated. Jackson also claimed that his trial and postconviction counsel were ineffective because they "should have known" he had a Sixth Amendment claim.

¶6 The circuit court denied the motion. It explained that the district court's decision "does *not* hold that [Jackson] was denied his sixth amendment right to counsel at the lineup"; rather, the district court had "merely assumed his allegations are true for purposes of determining whether he can proceed with his civil case." Thus, the circuit court concluded, the decision "is *not* newly discovered evidence; it is not evidence at all." The circuit court further noted that this same Sixth Amendment claim had already been addressed by way of his

3

original postconviction motion, foreclosing Jackson from further litigation of this issue, pursuant to *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). The circuit court also noted that to the extent that Jackson was attempting to challenge his appellate attorney's performance for not pursuing the issue on appeal, claims of ineffective appellate counsel must be raised in this court by way of a habeas corpus petition under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). After the circuit court denied his motion, Jackson moved for reconsideration. The circuit court denied that motion as well. Jackson appeals.

¶7 Although Jackson's various materials highlight a discrepancy between state and federal courts regarding exactly when the Sixth Amendment right to counsel attaches, that conflict is not the issue before us on appeal. Rather, the question is whether the circuit court erred when it concluded that Jackson had failed to present newly discovered evidence and was not entitled to a new trial.[3]

¶8 The decision to grant a motion for a new trial based on newly discovered evidence rests in the circuit court's discretion. *State v. Plude*, 2008 WI 58, ¶31, 310 Wis. 2d 28, 750 N.W.2d 42. A defendant seeking a new trial based on newly discovered evidence must establish "'by clear and convincing evidence, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking [the] evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'" *State v. Armstrong*, 2005 WI 119, ¶161, 283 Wis. 2d 639, 700 N.W.2d 98 (citation omitted). If the

---

[3] We observe that while Jackson urges us to follow the federal court's approach to this Sixth Amendment issue, he does not engage in any newly discovered evidence analysis on appeal. We may decline to consider undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W. 633 (Ct. App. 1992).

defendant satisfies these requirements, "'the circuit court must determine whether a reasonable probability exists that a different result would be reached in a [new] trial.'" *Id.* (citation omitted). "A reasonable probability of a different outcome exists if 'there is a reasonable probability that a jury, looking at both the old evidence and the new evidence, would have a reasonable doubt as to the defendant's guilt.'" *State v. Love*, 2005 WI 116, ¶44, 284 Wis. 2d 111, 700 N.W.2d 62 (citation and two sets of brackets omitted).

¶9     We agree with the circuit court and the State that the federal court ruling and the police "admission" are not evidence. Evidence is "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact[.]" *Evidence*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also* WIS. STAT. § 904.01 (2019-20)[4] (defining "relevant evidence" as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Only relevant evidence is admissible. *See* WIS. STAT. § 904.02. Whether police violated Jackson's Sixth Amendment rights during a lineup does not make it more or less probable that Jackson had a prior felony conviction and possessed a firearm. *See* WIS. STAT. § 941.29(2) (2013-14). The federal court's opinion is therefore irrelevant and inadmissible, and inadmissible evidence cannot be used to challenge a conviction. *See State v. Bembenek*, 140 Wis. 2d 248, 253, 409 N.W.2d 432 (Ct. App. 1987). Thus, the circuit court properly concluded that Jackson had failed to present newly discovered evidence. *See id.* ("Because [the] polygraph evidence would be

_____

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

inadmissible at a new trial, it cannot form the basis of a due process challenge to [the] conviction. The trial court, therefore, was correct in refusing to consider it as newly discovered evidence.").

¶10 Further, although trial counsel did not move to suppress the lineup on Sixth Amendment grounds, postconviction counsel did bring the claim to the trial court's attention through the postconviction motion alleging that trial counsel was ineffective for not seeking such suppression. Thus, the question of whether Jackson was entitled to counsel for the lineup under Wisconsin law has already been litigated.[5] The circuit court thus properly concluded that the issue is procedurally barred from relitigation. *See Witkowski*, 163 Wis. 2d at 990 ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").

¶11 Finally, to the extent that Jackson intended to argue that his appellate attorney was ineffective for abandoning the lineup issue and not pursuing it further on appeal, the circuit court correctly noted that claims of ineffective appellate counsel must be addressed to this court by way of a petition for a writ of habeas corpus. *See Knight*, 168 Wis. 2d at 520; *see also State ex rel. Warren v. Meisner*,

---

[5] As the postconviction court explained:

> [T]he defendant's Sixth Amendment right to counsel did not attach until he was charged either by complaint or information (not when bail was set). *See State v. Lale*, 141 Wis. 2d 480, 486[, 415 N.W.2d 847] (Ct. App. 1987) (holding that when a defendant has been arrested, but has not been charged either by complaint or information, he is not entitled to Sixth Amendment protection as a matter of constitutional right). Therefore, [trial] counsel cannot be deemed ineffective for failing to file a suppression motion on this basis.

2020 WI 55, ¶¶33-36, 392 Wis. 2d 1, 944 N.W.2d 588. Accordingly, the circuit court did not err when it denied Jackson's motions.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.