COURT OF APPEALS
DECISION
DATED AND FILED

July 24, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP655-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF375

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TIMOTHY G. VANDERVERE,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Timothy G. Vandervere pled guilty to three felony counts of homicide by use of a motor vehicle while operating with a prohibited alcohol concentration (PAC) and one count of causing great bodily harm by operating a motor vehicle with a PAC.  *See* WIS. STAT. §§ 940.09(1)(b), 940.25(1)(b) (2021-22).[1]  Nine other counts, including three counts of first-degree reckless homicide, were dismissed and read in.  Vandervere appeals from the judgment entered upon his pleas and from the denial of his postconviction motion. He raises a number of issues on appeal, arguing that he is entitled to withdraw his guilty pleas or, in the alternative, resentencing.  For the reasons set forth below, we reject Vandervere's arguments.  We therefore affirm the judgment of conviction and the order denying his motion for postconviction relief.

## BACKGROUND

¶2    In April 2019, law enforcement responded to a report of a collision between two vehicles that had both ended up in a ditch—a white pickup truck and a black jeep.  A witness reported that the pickup had rear-ended the jeep, causing the jeep to roll over.  Of the four occupants in the jeep, all members of the same family, only the driver survived the serious crash.  Although he survived, the jeep's driver did suffer from serious injuries, including rib fractures, head injuries, bruised lungs, and blood around his heart.

¶3    Vandervere, whose operating privileges were still revoked due to a 2005 alcohol-related offense, was the driver and sole occupant of the pickup. Prior to the accident, several witnesses saw Vandervere driving recklessly and at

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

speeds well above the posted limits. At least one of the witnesses called 911 to report Vandervere's dangerous driving in the minutes before the collision.

¶4 At the scene of the accident, a deputy observed that Vandervere's eyes were visibly glassy as he regained consciousness and began to babble incoherently. Additionally, medical personnel assisting Vandervere at the scene stated that he smelled of intoxicants. Vandervere's brother later told police that Vandervere was possibly drinking at the brother's home right before the accident. Vandervere's blood was drawn at the hospital after the accident and later tested, revealing a .316 g/mL blood alcohol concentration.

¶5 The State charged Vandervere with thirteen criminal offenses as a result of the accident. Vandervere reached an agreement with the State in which he pled guilty to the three counts of homicide while operating a motor vehicle with a PAC and to one count of injury by intoxicated use of a motor vehicle. The State agreed to dismiss and read in the remaining nine counts, which carried over 200 years of potential imprisonment. The circuit court later imposed consecutive prison sentences for his four convictions, totaling thirty-two years of initial confinement and seventeen years of extended supervision.

¶6 Vandervere filed a motion for postconviction relief, arguing that he was entitled to withdraw his pleas both because his attorney was ineffective in several ways and because he claimed to possess newly discovered evidence. Alternatively, Vandervere sought resentencing on the grounds that the court relied on inaccurate information at sentencing, erroneously exercised its sentencing discretion, and improperly denied Vandervere his right to allocution. After conducting a postconviction evidentiary hearing spanning several days, the court

rejected each of Vandervere's arguments in an oral ruling. Vandervere now appeals.

¶7     We include additional facts as necessary to the discussion below.

## DISCUSSION

### 1. Plea Withdrawal

¶8     Vandervere first argues he is entitled to withdraw his guilty pleas because his trial counsel was ineffective in several respects, and there is newly discovered evidence establishing "manifest injustice" in Vandervere's convictions.

¶9     "To withdraw a guilty plea after sentencing, a defendant must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in manifest injustice." *State v. Dillard*, 2014 WI 123, ¶83, 358 Wis. 2d 543, 859 N.W.2d 44. "One way to demonstrate manifest injustice is to establish that the defendant received ineffective assistance of counsel." *Id.*, ¶84. To prevail in an ineffective assistance of counsel claim, a defendant must prove both "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If the defendant fails to adequately show one prong of the *Strickland* test, we need not address the [other]." *State v. Elm*, 201 Wis. 2d 452, 462, 549 N.W.2d 471 (Ct. App. 1996).

¶10     Newly discovered evidence may also be sufficient to establish manifest injustice. *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997). The defendant first must prove that: (1) the evidence was discovered after conviction; (2) he or she was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. *Id.*

4

If he or she does so, the circuit court then must determine whether a reasonable probability exists that a trial would yield a different result. *Id.* Plea withdrawal rests in the circuit court's discretion, and we will reverse only if the court has erroneously exercised its discretion in denying the request. *Id.*

¶11 Vandervere argues that this court should allow him to withdraw his pleas based on ineffective assistance of his trial counsel. While focusing most of his efforts on counsel's failure to consult with experts to challenge the blood test results, Vandervere also argues that counsel was ineffective in failing to object to the circuit court's limitation as to who could speak at sentencing and in failing to correct inaccuracies made by the writer of the presentence investigation (PSI). We address and reject each argument in turn below.

¶12 The court held several hearings on the postconviction motion where Vandervere, his trial counsel, Vandervere's sister, several experts for the defense and the State, and a Wisconsin attorney specializing in OWI defense testified. As Vandervere observes, the proffered defense experts testified that they had concerns regarding the unreliability of the testing protocol, instruments, blood vials, and Vandervere's ultimate blood alcohol results. However, neither of the defense's proffered experts were able to testify that Vandervere's blood alcohol concentration was below .08 when the accident occurred.

¶13 The State's experts addressed each of the concerns raised by the defense and testified that the blood sample was not contaminated, that standard testing protocol was followed, and that the lab and testing facility were certified at the time of Vandervere's blood draw, with all testing equipment in proper working order. After weighing the competing testimony and making credibility determinations, the circuit court determined that the proper procedures were

followed when drawing and analyzing Vandervere's blood sample, and even if not, it would have made no difference in the outcome.

¶14    On appeal, Vandervere renews his argument that trial counsel was ineffective for failing to consult an expert to evaluate the reliability of the blood test.    Even assuming, arguendo, that we were to conclude that counsel's performance was deficient, the record sufficiently establishes that Vandervere was not prejudiced by his counsel's failure to present the expert testimony proffered in his postconviction motion.    The circuit court did not credit Vandervere's postconviction testimony, nor that of his family members and others who testified on his behalf.    His expert witnesses would not have changed this.

¶15    Although Vandervere's experts might have presented evidence to discredit his blood test results, he has not shown how such testimony would refute the State's contention that Vandervere's blood test results were above the legal limit.  As previously stated, neither of Vandervere's proffered experts were able to testify that the blood alcohol concentration was below .08 when the accident occurred.  In addition, as the circuit court noted, those experts, at best, offered "supposition" about the blood test results and how certain factors could have or might have affected them.

¶16    Moreover, even if the proffered experts were allowed to testify at a trial, they would not have been able to refute the eyewitness testimony that Vandervere was driving recklessly before the accident, that he swerved down the road, tailgated other vehicles, narrowly missed striking mailboxes and street signs, and eventually slammed into the jeep at nearly double the highway speed limit, causing death to three family members and serious injury to a fourth.  Nor could the experts explain away the testimony of law enforcement and medical personnel

that Vandervere smelled of intoxicants, had glassy eyes, and was babbling in the period immediately following the accident. The evidence that Vandervere claims his counsel was ineffective for omitting would not have tipped the scales of credibility away from the State's witnesses and in his direction.

¶17     For all these reasons, we conclude that there is not a reasonable probability that the outcome of a trial would have been different had Vandervere presented the proffered expert evidence, and he was not prejudiced by his counsel's alleged error. *See* **Strickland**, 466 U.S. at 694. The circuit court, therefore, did not erroneously exercise its discretion in denying the motion for plea withdrawal on this ground.

¶18     We also reject Vandervere's position that he is entitled to withdraw his pleas based on trial counsel's alleged ineffectiveness related to the sentencing hearing. As we explain in more detail in our discussion of Vandervere's resentencing argument, trial counsel was not deficient for failing to object to the circuit court's limitation as to who could speak at sentencing because the statutes allow such limitations. *See* WIS. STAT. § 972.14. Further, as explained in our discussion below, we conclude that Vandervere was not prejudiced by counsel's failure to object to portions of the PSI.

¶19     This leaves only Vandervere's final argument for plea withdrawal; namely, that the proffered expert testimony questioning his blood results was "newly discovered" evidence. Newly discovered evidence does not include a new appreciation of the importance of evidence previously known but not used. **State v. Fosnow**, 2001 WI App 2, ¶9, 240 Wis. 2d 699, 624 N.W.2d 883. Whether an item falls within the scope of newly appreciated evidence is a question of law we review de novo. **Id.**, ¶12.

¶20 Vandervere asserts that his proffered experts' opinions criticizing the laboratory's blood results are newly discovered evidence. We have repeatedly rejected the argument that newly retained experts' analyses of evidence that existed before a plea or trial is newly discovered evidence. *See*, *e.g.*, *id.*, ¶9; *State v. Coogan*, 154 Wis. 2d 387, 403, 453 N.W.2d 186 (Ct. App. 1990); *State v. Bembenek*, 140 Wis. 2d 248, 256, 409 N.W.2d 432 (Ct. App. 1987). In keeping with this precedent, we conclude that Vandervere's argument is nothing more than a new take on evidence he knew about before entering his guilty pleas. Because the evidence would offer only a "new appreciation of the importance of evidence previously known but not used[,]" the circuit court did not err in denying the plea withdrawal motion when it concluded that the evidence at issue is not newly discovered, but merely newly appreciated. *See Fosnow*, 240 Wis. 2d 699, ¶9.

### 2. Resentencing

¶21 Because we conclude that plea withdrawal is not warranted, Vandervere argues, in the alternative, that he is entitled to be resentenced. He asserts that: (1) he was denied his right to allocution, and his attorney was ineffective for failing to object; (2) the court relied on inaccurate information from the PSI that his attorney was ineffective for failing to contest; and (3) the court erroneously exercised its sentencing discretion.

¶22 In support of his position regarding resentencing, Vandervere first cites to limitations the circuit court set as to who could speak at his sentencing. Vandervere asserts that his right to allocution was violated by the court's sentencing practice of allowing only the attorneys, the defendant, and members of the victims' family to speak at sentencing.

¶23 While a defendant possesses no constitutional right to allocution, Wisconsin law recognizes a statutory right, with some limitations. WIS. STAT. § 972.14(2). Specifically, before a court imposes a sentence, it must "allow the district attorney, defense counsel and defendant an opportunity to make a statement with respect to any matter relevant to the sentence." *Id.* A court must also "determine whether a victim of a crime considered at sentencing wants to make a statement to the court," and if so, "allow the victim to make a statement in court or to submit a written statement to be read in court." Sec. 972.14(3)(a). Finally, a court "may allow any other person to make or submit a statement under this paragraph." *Id.*

¶24 There is no question that the circuit court acted within the law in choosing not to allow certain groups of people to speak on Vandervere's behalf at sentencing. The court instead considered all written statements on Vandervere's behalf. As shown above, the court's practice is permissible under the statutes. Therefore, as stated above, trial counsel was not deficient in failing to object to the court's practice because the court acted within the confines of the law. Vandervere's resentencing argument on this ground fails.

¶25 Next, Vandervere argues that resentencing is warranted because the circuit court allegedly relied on inaccurate information from the PSI that trial counsel failed to correct. A court also has authority to vacate a sentence and resentence the defendant if the court relied on inaccurate information at the original sentencing. *State v. Harbor*, 2011 WI 28, ¶35 & n.8, 333 Wis. 2d 53, 797 N.W.2d 828. Our review of the record confirms the circuit court's conclusion that this situation did not occur.

¶26 Vandervere effectively demonstrates a violation of his right to be sentenced on accurate information: the circuit court acknowledged that it reviewed the PSI, which inaccurately claimed that Vandervere's 2006 municipal court conviction for causing injury while operating a motor vehicle while under the influence remained unreversed after his appeal. But Vandervere's argument that this entitles him to resentencing fails because he cannot show that the court relied on the inaccurate information at sentencing.

¶27 First, the prosecutor who appeared at the sentencing hearing provided the accurate information to the court regarding the status of Vandervere's earlier drunk-driving conviction. The prosecutor explained that Vandervere was merely "arrested for operating while intoxicated and refusing," that an unlawful refusal was entered, and that he was ultimately only convicted of "a reckless driving ticket." Further, the court itself acknowledged in its ruling on the postconviction motion that it was aware of the inaccurate information in the PSI, but was aware of the accurate information at sentencing. The court explained as follows: "I understood what the facts were, and it was argument, and I have a pretty wide scope of what's permitted. I knew what the true facts were …. He had an OWI citation, he got convicted, and then he got it fixed up …." Thus, even though Vandervere successfully shows that the PSI contained inaccurate information regarding a prior conviction, he fails to show that the court relied on that inaccurate information at sentencing. He is not entitled to resentencing on this ground.

¶28 The final issue Vandervere raises is whether the circuit court erroneously exercised its sentencing discretion. *See **State v. Gallion***, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. At sentencing, a court must consider the principal objectives of sentencing, including the protection of the community, the

punishment and rehabilitation of the defendant, and deterrence to others, ***State v. Ziegler***, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76, and determine which objective or objectives are of greatest importance, *see **Gallion***, 270 Wis. 2d 535, ¶41. In seeking to fulfill the sentencing objectives, the court should consider a variety of factors, including the gravity of the offense, the character of the offender, and the protection of the public, and may consider several subfactors. *See **State v. Odom***, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695.

¶29 The weight to be given to each factor is committed to the circuit court's discretion. *See **Ziegler***, 289 Wis. 2d 594, ¶23. "When the circuit court has not explicitly identified any of the three required factors that it used in exercising its discretion, the appellate court must search the record to determine whether the circuit court considered each of the required factors in its 'exercise of *proper* discretion.'" ***State v. Bolstad***, 2021 WI App 81, ¶19, 399 Wis. 2d 815, 967 N.W.2d 164 (citation omitted).

¶30 Our review of the record supports the conclusion that the circuit court properly considered all of the required sentencing factors. It is clear from the court's comments that it was primarily concerned with the seriousness of the offense and the need to protect the public from accidents like the one Vandervere caused. The court commented on the "gruesome ghastly outcome" Vandervere caused after deciding to drive "when he had no business doing so," and despite the risk he presented by getting behind the wheel. But it also considered Vandervere's positive character traits, noting his responsible work history and his lack of prior drunk-driving convictions. And it stressed the need to protect the public, citing to the need for deterrence and a lengthy prison sentence commensurate with "this kind of behavior."

11

¶31 The circuit court properly exercised its discretion in sentencing Vandervere. The sentence was not excessive, especially given Vandervere's potential exposure. For the four counts to which he pled guilty, Vandervere faced a total of 132.5 years in prison and $325,000 in fines. However, the court sentenced him to only a total of thirty-two years of initial confinement and seventeen years of extended supervision. In addition to the crimes to which Vandervere pled, the court was entitled to consider the nine dismissed and read-in offenses, which carried over 200 years of potential imprisonment in the aggregate. Vandervere fails to demonstrate to this court that the circuit court erroneously exercised its discretion at sentencing.

## CONCLUSION

¶32 For all the reasons set forth above, Vandervere has failed to persuade us that he is entitled to either plea withdrawal or resentencing. None of trial counsel's alleged errors amount to ineffective assistance of counsel. As to each arguable error, Vandervere has failed to establish either deficient performance, prejudice, or both. He has similarly failed to establish that he is entitled to resentencing. The record does not support his assertions that he was denied his right to allocution, that the court relied on inaccurate information at sentencing, or that the court erroneously exercised its sentencing discretion. Thus, we affirm Vandervere's judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.