**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 25, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1441**

Cir. Ct. No. **2016CF18**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER L. JACKSON,

    DEFENDANT-APPELLANT.

APPEAL from order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Christopher L. Jackson appeals pro se from an order of the circuit court[1] denying his motion for postconviction relief without an evidentiary hearing.

¶2      In 2016, Jackson was charged with two counts of attempted first-degree intentional homicide, one count of first-degree recklessly endangering safety, and one count of possession of a firearm by a felon. Jackson was accused of shooting into a moving vehicle and striking the victim a short time after he had sold drugs to the victim. A jury found Jackson guilty of all of the charges. The trial court sentenced him to a total of 30 years of initial confinement and 20 years of extended supervision.

¶3      With the assistance of counsel, Jackson filed a postconviction motion asserting the trial court had engaged in improper communications with the jury. Jackson also filed pro se postconviction motions asserting ineffective assistance of trial counsel. The trial court denied the motions without an evidentiary hearing. Jackson appealed.

¶4      On appeal, in addition to his claims that the trial court had engaged in improper communications with the jury and his trial counsel was ineffective, Jackson asserted the court erred in denying his request for the lesser-included jury instruction of first-degree recklessly endangering safety. *State v. Jackson*, No. 2018AP1820, unpublished slip op., ¶1 (WI App Jan. 2, 2020). We rejected all of Jackson's claims, and we affirmed the court's judgment of conviction and its

_____

[1] The Honorable Lee S. Dreyfus, Jr. presided over Jackson's trial, sentencing and the initial postconviction proceedings. We will refer to Judge Dreyfus as the trial court. The Honorable Michael O. Bohren denied Jackson's postconviction motion that is the subject of this appeal. We will refer to Judge Bohren as the circuit court.

order denying Jackson's postconviction motions. ***Id.*** The supreme court denied Jackson's petition for review in June 2020.

¶5 In May 2022, Jackson filed a pro se WIS. STAT. § 974.06 (2023-24)[2] motion, seeking a new trial and requesting an evidentiary hearing on claims of ineffective assistance of postconviction counsel. Jackson claimed counsel was ineffective for failing to "adequately argue" that "Jackson was deprived of trial counsel at a critical stage" when the trial court communicated with the jury during deliberations and for failing to raise ineffective assistance of trial counsel claims for not subpoenaing a witness, for not arguing that a rebuttal witness' testimony violated the "discovery statute" and Jackson's due process and confrontation rights, and for not hiring a rebuttal expert. Alternatively, Jackson claimed he was entitled to a new trial based on newly discovered evidence purportedly undermining the victim's identification of him as the shooter. Jackson maintained he was not barred from raising the claims he had failed to raise in earlier motions because postconviction counsel was ineffective for not raising these claims that were clearly stronger than the claims counsel did raise.

¶6 Jackson subsequently retained counsel who then filed a supplemental brief in support of Jackson's pro se WIS. STAT. § 974.06 motion. The brief indicated that Jackson's pro se claims of ineffective assistance of postconviction counsel could "be broken into two issues: first, … Jackson's claim that he was denied counsel at a critical stage, an episodic structural error that is presumed to be prejudicial unless the State demonstrates beyond a reasonable

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

doubt that the error was harmless; and second, that the remaining errors were cumulatively prejudicial to … Jackson."

¶7    After a non-evidentiary hearing, the circuit court rejected Jackson's claim that the trial court erred in responding to the jury during deliberations without counsel present, concluding that "the harmless error concept[] applies" and the trial court's response without counsel present was harmless. The circuit court also determined that Jackson's remaining allegations of ineffective assistance of postconviction counsel for failure to argue trial counsel's ineffectiveness were based only on speculation, concluding "[t]here's no evidence as to what the ineffective nature was, other than somebody wasn't called[; the fact t]hat they weren't called doesn't mean they were critical, doesn't mean they were central to the case." The circuit court declined to hold a ***Machner***[3] hearing.

¶8    On appeal, Jackson contends the circuit court erred by not holding an evidentiary hearing on his claims for ineffective assistance of postconviction counsel and on his newly discovered evidence claim. The State maintains the court did not err because Jackson's claims are procedurally barred by ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 176, 185, 517 N.W.2d 157 (1994), and ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶9    Whether a postconviction motion alleged "sufficient material facts" to entitle the defendant to an evidentiary hearing on the motion is a question of law we review de novo. ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the motion did not allege "facts sufficient to entitle the movant to

---

[3]  ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has discretion to grant or deny a hearing." *Id.* Whether the record conclusively demonstrates that the defendant is not entitled to relief is a question of law that is reviewed de novo. *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432.

¶10 "We need finality in our litigation." *Escalona-Naranjo*, 185 Wis. 2d at 185. Therefore, any claim that could have been raised in a prior postconviction motion or on direct appeal cannot form the basis for a subsequent motion under WIS. STAT. § 974.06 unless the defendant demonstrates a sufficient reason for failing to raise the claim earlier. *Escalona-Naranjo*, 185 Wis. 2d at 185. We decide de novo whether the defendant demonstrated a sufficient reason for failing to previously raise the claim. *State v. Kletzien*, 2011 WI App 22, ¶16, 331 Wis. 2d 640, 794 N.W.2d 920. Ineffective assistance of postconviction counsel may constitute a sufficient reason. *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668; *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996).

¶11 To prove ineffective assistance of counsel, the defendant must show that counsel's "performance was deficient and that the deficient performance was prejudicial." *Allen*, 274 Wis. 2d 568, ¶26 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "An allegation that postconviction counsel failed to bring a claim that should have been brought is an allegation that counsel's performance was constitutionally deficient …." *Romero-Georgana*, 360 Wis. 2d 522, ¶43. However, to prove the deficiency, the defendant must show the unraised claim was "clearly stronger" than the claims actually pursued by postconviction counsel. *Id.*, ¶¶45-46.

5

¶12    Here, we conclude Jackson was not entitled to an evidentiary hearing on his ineffective assistance of postconviction counsel claims.  Jackson's claim that postconviction counsel was ineffective for failing to argue that Jackson was denied his constitutional right to counsel at a "critical stage" when the trial court communicated with the jury during deliberations is just a rephrasing of the issue postconviction counsel did raise.  A defendant may not relitigate a matter previously litigated, "no matter how artfully the defendant may rephrase the issue." *Witkowski*, 163 Wis. 2d at 990.  Moreover, a defendant's "constitutional right to be present at trial and to have counsel at every stage where he or she needs aid in dealing with legal problems" is subject to harmless error analysis, *State v. Koller*, 2001 WI App 253, ¶62, 248 Wis. 2d 259, 635 N.W.2d 838, and we already concluded any error was harmless, *Jackson*, No. 2018AP1820, ¶12 (concluding "any error in addressing the jury's question was harmless").

¶13    As to Jackson's remaining ineffective assistance of postconviction claims, he has not demonstrated that the claims are "clearly stronger" than the claim postconviction counsel pursued in his direct appeal.  We apply the "clearly stronger" standard by "compar[ing] the arguments now proposed against the arguments previously made" by postconviction counsel.  *Romero-Georgana*, 360 Wis. 2d 522, ¶46.  A defendant's WIS. STAT. § 974.06 motion must "do more than point to issues that postconviction counsel did not raise"; the motion, within its four corners, must "show that failing to raise those issues fell below an objective standard of reasonableness." *State v. Balliette*, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334; *Allen*, 274 Wis. 2d 568, ¶27.  This requires the defendant to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  The fact that counsel "did not pursue a … claim does not demonstrate

ineffectiveness because [counsel] could have had, and presumably did have, good reasons for not pursuing [the claim]." ***Romero-Georgana***, 360 Wis. 2d 522, ¶62.

¶14　Jackson maintained in his WIS. STAT. § 974.06 motion that because postconviction counsel "inadequately raised" the claim he did raise on direct appeal, it cannot "for obvious reasons" be "clearly stronger" than the claims Jackson now raises. This is not an explanation as to "why the claim[s] he wanted raised w[ere] clearly stronger than the claim[] actually raised." *See* ***Romero-Georgana***, 360 Wis. 2d 522, ¶62. The circuit court properly rejected Jackson's claims of ineffective assistance of postconviction counsel because the claims are based on nothing more than conclusory allegations.[4] *See **id.***

¶15　Jackson's claim that he was entitled to a new trial based on newly discovered evidence related to the victim's identification of him as the shooter is procedurally barred. We review a circuit court's decision to grant or deny a new trial based on newly discovered evidence under the erroneous exercise of discretion standard. ***State v. Edmunds***, 2008 WI App 33, ¶8, 308 Wis. 2d 374, 746 N.W.2d 590. To overcome ***Escalona-Naranjo's*** procedural bar and receive a new trial based on newly discovered evidence, "a defendant must establish by clear and convincing evidence that '(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking [the] evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'" ***Edmunds***, 308 Wis. 2d 374, ¶13 (citation omitted). "Once those

---

[4] These claims are also procedurally barred because Jackson could have raised them in his previous pro se postconviction motions and did not demonstrate a sufficient reason for failing to do so. *See* WIS. STAT. § 974.06(4); ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994) (interpreting § 974.06(4)).

four criteria have been established, the court looks to 'whether a reasonable probability exists that a different result would be reached in a [new] trial.'" *Id.* (citation omitted). Whether such a probability exists is a matter of law we review de novo. *State v. Plude*, 2008 WI 58, ¶33, 310 Wis. 2d 28, 750 N.W.2d 42.

¶16 Here, Jackson failed to demonstrate that the circuit court erred. Jackson failed to prove the evidence he offered—a retired detective who purportedly would testify that based on various factors the victim could not have identified Jackson as the shooter—was new or that he was not negligent in seeking the evidence. While the detective did not author his report until 2021, it was based on information available to the defense prior to trial (video of Jackson and the victim's earlier interaction, police reports, and pictures of the victim's vehicle) or information the defense could have sought prior to trial (pictures and video taken to replicate the conditions on the night of the shooting). *See State v. Bembenek*, 140 Wis. 2d 248, 256, 409 N.W.2d 432 (Ct. App. 1987) ("'Newly discovered evidence' does not include a new appreciation of the importance of evidence previously known but not used."); *State v. Fosnow*, 2001 WI App 2, ¶16, 240 Wis. 2d 699, 624 N.W.2d 883 (2000) (concluding that evidence that "existed and was available to the defendants or their counsel prior to conviction and sentencing" is "simply 'the newly discovered importance of existing evidence,' rather than newly discovered evidence" (citation omitted)). Therefore, we conclude that the court did not erroneously exercise its discretion in denying Jackson's motion for a new trial without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8