# COURT OF APPEALS
# DECISION
# DATED AND FILED

# October 17, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP637**

STATE OF WISCONSIN

Cir. Ct. No. **2011CF806**

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KHALIF A. LOVE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Khalif A. Love appeals the order denying his WIS. STAT. § 974.06 (2021-22)[1] motion for postconviction relief. Love argues he alleged sufficient material facts to entitle him to an evidentiary hearing on his claims of newly discovered evidence and ineffective assistance of counsel. Upon review, we conclude that Love's pleading was insufficient and conclusory; therefore, his claims fail and we affirm.

## BACKGROUND

¶2    Love again seeks postconviction relief for his conviction, entered upon a jury's verdict in 2012, for counts of second-degree reckless homicide by use of a dangerous weapon as a party to a crime and possession of a firearm by a felon, both with the habitual criminality penalty enhancer. Love's convictions arose out of the shooting death of Jarrell Johnson outside of a club on North 27th Street on February 6, 2011. There were close to one hundred people at the bar when a fight broke out, chaos ensued, and the State alleged that Love shot two people, one of whom died.

¶3    This court denied Love's direct appeal of his conviction in 2014. *See* *State v. Love*, No. 2013AP152-CR, unpublished slip op. (WI App Mar. 20, 2014). In his direct appeal, Love argued that the circuit court: (1) erred by giving the lesser included jury instruction for second-degree reckless homicide, (2) violated his right to a fair trial by the court's conduct during and after testimony of his brother; and (3) improperly denied his motion for mistrial. The Wisconsin Supreme Court denied Love's petition to review our decision.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4    Love filed the underlying motion for postconviction relief in August 2021. Love raised three claims: (1) there was "insufficient evidence to support a finding of guilt because the State's eyewitness never testified he saw the homicide of Johnson, but the State used impermissible inferences to persuade the jury otherwise[,]" (2) "irrefutable" scientific evidence and newly discovered evidence "corroborate[d] that Love's conviction is a manifest injustice," and (3) that "misconduct" by the prosecution and the ineffective assistance of counsel unduly prejudiced him. The circuit court concluded that Love was not entitled to relief on issues one and three because those issues were inadequately pled.[2]

¶5    The circuit court ordered briefing on issue two—that newly discovered evidence entitled him to a vacated conviction or a new trial. First, Love presented an affidavit from a private investigator averring statements from three previously unheard witnesses who (1) stated Love was not the shooter; (2) pointed to Travis Thomas, who was killed in 2015, as the perpetrator; and (3) led police to the firearm that was used to kill Johnson, which was not found until 2020. Second, he asserted that ballistics from the recovered .40 caliber firearm was proven to be the source of the bullet that killed Johnson and there was no evidence presented that Love fired or was near a .40 caliber weapon; instead, eyewitness testimony connected him to a 9mm firearm. Third, he argued that the State made a deal with Travis Thomas to not charge him for a robbery in exchange for his testimony. Finally, Love argued that a post-trial expert medical pathologist's report showed that the victim's wounds and condition did not match

---

[2] The court also concluded that Love's claims one and three failed because he did not offer a sufficient reason for failing to raise them on direct appeal, relying on *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Further, the court concluded that claim one was not cognizable under WIS. STAT. § 974.06.

the testimony at trial of the medical examiner. The circuit court denied Love's postconviction motion, in full, without a hearing, in March 2022.

¶6 Love now appeals.

## DISCUSSION

¶7 On appeal, Love argues that he is entitled to an evidentiary hearing on his claims of newly discovered evidence and ineffective assistance of trial and appellate counsel.[3] To understand why Love's claims fail, we begin with our standard of review for WIS. STAT. § 974.06 motions denied without an evidentiary hearing. "Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant to a hearing for the relief requested is a mixed standard of review." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. We begin by independently reviewing two questions of law. *State v. Larry Jackson*, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608. First, we review "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief." *Id.* "Second, we determine whether the record conclusively demonstrates that the defendant is not entitled to relief." *Id.*; *see* § 974.06(3). If the motion supports relief based on those two questions, then "the circuit court must hold an evidentiary hearing." *Allen*, 274 Wis. 2d 568, ¶9. However, "if the record conclusively demonstrates that the defendant is not entitled to relief, then either option—holding a hearing or not—is within the

---

[3] We note that Love does not pursue an appeal of his claim that the evidence was insufficient to support his conviction. "[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned." *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998). We consider this claim abandoned and we discuss it no further.

circuit court's discretion." ***State v. Ruffin***, 2022 WI 34, ¶28, 401 Wis. 2d 619, 974 N.W.2d 432. "We review a circuit court's discretionary decisions under the deferential erroneous exercise of discretion standard." ***Allen***, 274 Wis. 2d 568, ¶9.

¶8 The circuit court concluded that Love's postconviction motion failed to allege sufficient material facts or presented only conclusory allegations, which made the decision to deny the motion without a hearing one within the court's discretion. Our review of a postconviction motion requires us to consider the allegations "within the four corners of the document itself" for facts asserted with "material factual objectivity" that will allow "reviewing courts to meaningfully assess a defendant's claim." ***Id.***, ¶23. The motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." ***Id.*** The defendant's assertions cannot be conclusory, merely "the defendant's opinion," or without "a factual basis for the opinion." ***Id.***, ¶21. Our review of Love's postconviction motion does not support that his allegations included sufficient material facts or stated more than conclusory opinions.

I. *Newly discovered evidence*

¶9 For a defendant to obtain a postconviction evidentiary hearing on a newly discovered evidence claim, the defendant must show specific facts, by clear and convincing proof, that "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." ***State v. McAlister***, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77. "If the defendant is able to prove all four of these criteria, then it must be determined whether a reasonable probability exists that had the jury heard the newly[]discovered evidence, it would have had a reasonable doubt as to the

defendant's guilt." ***State v. Plude***, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42.

¶10    Love makes three claims of newly discovered evidence:  (1) a report from a medical pathologist that re-examined the autopsy data; (2) the recovery of the firearm that killed Johnson; and (3) unheard witness statements that collectively raised a third-party perpetrator defense.[4]  Newly discovered evidence "must be sufficient to establish that a defendant's conviction was a 'manifest injustice'" to have a basis to set aside a judgment of conviction.  ***Id.*** (citation omitted).

¶11    We begin with Love's allegation that the medical pathologist's report re-examining the autopsy data was newly discovered evidence.  Although this report was produced "nearly a decade" after the trial, the medical pathologist relied on information known at the time of trial and the autopsy reports available before trial.  "'Newly discovered evidence' does not include a new appreciation of the importance of evidence previously known but not used." ***State v. Bembenek***, 140 Wis. 2d 248, 256, 409 N.W.2d 432 (Ct. App. 1987).  Further, Love argued his trial counsel was "negligent" for failing to seek an expert witness to counteract the medical examiner's testimony at trial, which we interpret as a concession that he was negligent in seeking this information.  Therefore, we conclude that the medical pathologist's report was not new and Love was negligent in seeking this information.  *See* ***McAlister***, 380 Wis. 2d 684, ¶31.  Accordingly, this newly

---

[4] Love does not make a separate claim on appeal about the State's purported deal with Travis Thomas.  The circuit court concluded that this claim failed factually, with the timeline alleged by Love not matching the timeline in the record.  We consider this claim abandoned and we discuss it no further.  ***A.O. Smith Corp.***, 222 Wis. 2d at 491.

discovered evidence claim was insufficiently pled to warrant an evidentiary hearing.

¶12    Next, we consider Love's allegation that recovering the .40 caliber firearm that killed Johnson was newly discovered evidence.  Love argues there was no testimony he was seen with a .40 caliber firearm; however, Love was charged as a party to a crime and trial testimony identified multiple shooters and placed Love firing a 9mm firearm.   Although the recovery of this weapon happened after the trial, Love has failed to offer sufficient, non-conclusory facts that show this weapon was material to the case and not cumulative to the evidence presented at trial.  *See id.*  Accordingly, this newly discovered evidence claim was insufficiently pled to warrant an evidentiary hearing.

¶13    Finally, we address Love's allegation that the unheard witness statements from Antonio Smith, Kevin Thomas, and Brushae Brown constituted newly discovered evidence.  For Smith and Brown's statements, Love has failed to show that he was not negligent in seeking out these statements and we conclude they are not newly discovered evidence.  Smith's statement—that Travis Thomas was the shooter and that Love was not one of the shooters—was known to Love's defense counsel during his prior, direct appeal.  Brown's statement—giving the location of the murder weapon and asserting that Travis Thomas confessed to the shooting—was previously disclosed to Love's prior counsel's investigator.  For both statements, Love offers only conclusory allegations that he was not negligent in seeking out these witnesses prior to trial.

¶14    Finally, Kevin Thomas's statement was a recantation of his trial testimony, where he stated under oath that his brother Travis was not present at the shooting, but now (after Travis's death) Thomas avers that Travis was present and

shooting a firearm on February 6, 2011. Thomas also stated he would have protected his brother while he was alive, which Love suggests means he would not have testified to these facts at the time of trial. When reviewing a newly discovered evidence claim based on recantation, "corroboration of the recantation with additional newly discovered evidence" is required. *McAlister*, 380 Wis. 2d 684, ¶33. Love's offer of corroboration is conclusory. The State argues that in addition to the missing corroboration of Thomas's testimony, Love has not provided sworn recantation evidence because Thomas's statement is relayed through an affidavit of an investigator, not directly from Thomas. We conclude that Love's claim is insufficiently pled because he fails to show that he was not negligent is seeking Thomas's testimony. *See State v. Anthony Jackson*, 188 Wis. 2d 187, 199, 525 N.W.2d 739 (Ct. App. 1994) ("Newly available evidence is not analogous to newly discovered evidence.").

¶15     The record reflects that Love did not develop his allegations into fact-supported arguments. Instead, Love merely listed the criteria for newly discovered evidence and included an affidavit from his postconviction private investigator, and then reiterated the statements of his postconviction investigator in his motion. We conclude that Love has not sufficiently pled facts showing a manifest injustice requiring us to set aside his conviction.[5] *See Plude*, 310 Wis. 2d 28, ¶32. His conclusory allegations do not satisfy the five-step test for newly

---

[5] Although we focus our review on the insufficiency of Love's postconviction pleadings, Love's claims are likely procedurally barred for failing to be brought in his direct appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 185 (holding that WIS. STAT. § 974.06(4) requires a defendant to "raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion. Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation"). We decline to address the procedural bar because we need not address every issue when one is dispositive. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).

discovered evidence. *See McAlister*, 380 Wis. 2d 684, ¶¶31-32. Thus, the circuit court acted within its discretion when it denied Love's claim without a hearing. *See Allen*, 274 Wis. 2d 568, ¶9.

### II.     *Ineffective assistance of counsel*

¶16     Love claims his right to the effective assistance of counsel was violated by both trial counsel and appellate counsel. In this appeal, Love argues that trial counsel was deficient in multiple ways including failing to investigate witness statements, failing to cross-examine the State's eyewitness for inconsistencies, and failing to obtain a medical pathologist as an expert witness to counter the State's medical examiner witness. Further, he argues that his prior appellate counsel was deficient for failing to raise these claims in his direct appeal. However, in the four corners of his postconviction motion, Love failed to raise or develop these claims.

¶17     Our examination of Love's postconviction motion shows that he requested leave for additional briefing on his ineffectiveness claims, a request that was not granted by the circuit court.[6] We acknowledge, as did the circuit court, that Love cited to the relevant law on effective assistance of counsel, the oft-repeated test of deficiency and prejudice set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). His motion itself also referenced relevant law including *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996),

---

[6] Love's postconviction motion's ineffectiveness claim, in total, stated: "Defense counsel respectfully requests a briefing schedule pursuant to WIS. STAT. [RULE] 809.19(1)-(2) to adequately present the issues raised in this section, as well as the supporting evidence through an appendix."

and WIS. STAT. §§ 974.06, 809.30(2)(h), 752.39, and 805.14. However, Love failed to develop ineffectiveness arguments based on specific facts in the record. Conclusory citations of law will not save a postconviction motion.

¶18 In the motion, Love referenced counsel's deficiencies within his now-abandoned sufficiency of the evidence claim, asserting that trial counsel failed to submit the State's case to adversarial testing. However, his allegations with regard to counsel are conclusory and he does not provide the specific facts to allow this court to meaningfully review his claim. *See Allen*, 274 Wis. 2d 568, ¶¶21, 23. Therefore, we conclude that Love's ineffective assistance of counsel claim fails.[7] Further, the circuit court acted within its discretion when it denied Love's claim without a hearing. *See id.*, ¶9.

## CONCLUSION

¶19 We conclude that Love's postconviction claims do not entitle him to relief in the form of an evidentiary hearing. Love's newly discovered evidence claims were not sufficiently pled to show that the evidence satisfied the five required tests to show clear and convincing proof of newly discovered evidence. Love's ineffective assistance of counsel claim was undeveloped and conclusory.

---

[7] In this appeal, Love contends that he was not limited to the four corners of the postconviction motion to make his ineffectiveness claim, contending that WIS. STAT. § 974.06(3) requires the court to consider "the motion and the files and records of the action" to determine whether a claim is entitled to relief. We reject his interpretation of the statute. The Wisconsin Supreme Court has clearly interpreted § 974.06 to require courts to review the "four corners" of the motion. *See State v. Allen*, 2004 WI 106, ¶23, 274 Wis. 2d 568, 682 N.W.2d 433. Additionally, Love's interpretation does not harmonize with the rest of the statute, which requires "[a]ll grounds for relief … must be raised in his or her original, supplemental or amended motion." Sec. 974.06(4).

Accordingly, we conclude that the circuit court acted within its discretion when it denied Love's postconviction motion without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.